UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
OLGA FEDOROVA,

                        Plaintiff,                                         **REPORT AND**

     v.                                                              **RECOMMENDATION**

DML NEWS & ENTERTAINMENT, INC.,         2:23-cv-07468-OEM-LGD

                       Defendant.
------------------------------------------X

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Plaintiff Olga Fedorova's ("Plaintiff's") motion for default judgment (the "Motion") against Defendant DML News & Entertainment Inc. ("DML" or "Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2).  ECF No. 11.  Plaintiff seeks damages totaling $10,000.00 for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, attorney's fees totaling $3,045.00 and costs of $491.00 pursuant to 17 U.S.C. § 505, as well as injunctive relief.  *Id.*  For the reasons set forth below, the undersigned recommends that the Court GRANT Plaintiff's Motion, but award reduced damages, attorney's fees and costs. The undersigned also recommends that the Court GRANT the request for injunctive relief.

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

      Plaintiff is a professional videographer who maintains a principal place of business in Queens County, New York. ECF No. 1 ¶¶ 5, 10.  Plaintiff has created a portfolio of videos and

---

[1] "Given Defendant's failure to respond to the complaint, Plaintiff's well-pleaded factual allegations in the complaint are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Antoine v. Brooklyn Maids 26*, 489 F. Supp. 3d 76, 90-91 (E.D.N.Y. 2020) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability.")). In determining whether a plaintiff is entitled to default judgment, the court is "limited to the non-conclusory, factual allegations" in the complaint. *Antoine*, 489 F. Supp. 3d at 90-91 (citing *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

has obtained active and valid copyright registrations from the United States Copyright Office ("USCO"), which cover many of them. *Id.* ¶¶11-12. On June 17, 2023, Plaintiff published the video at issue in the present action (the "Video") on a website. *Id.* ¶ 14. The Video shows an activist being removed from a "Turning Point USA" event.[2] *Id.* ¶ 2. On June 30, 2024, Plaintiff first observed the Video published on Defendant's website. *Id.* ¶ 25. On July 25, 2023, the Video was registered by the USCO under registration number PA 2-428-699. *Id.* ¶ 16.

Defendant DML is a media company with its principal place of business at 501 Pantigo Road, East Hampton, New York and owns and operates a website at the domain https://dennismichaellynch.com. *Id.* ¶¶ 3, 22. The website is monetized through paid advertisements, and Defendant profits from activity to the website. *Id.* ¶ 21. Starting on or about June 19, 2023,[3] Defendant displayed the Video on its website as part of an online story at the URL: https://dennismichaellynch.com/video-screaming-trans-activistremoved-from-blexit-event-audience-responds-with-usa-chant/. *Id.* ¶ 23. The Video was displayed without Plaintiff's permission or authorization. *Id.* ¶ 24.

---

[2] According to its website, "Turning Point USA, Inc. is organized and operated exclusively for educational and charitable purposes in accordance with Section 501(c)(3), to empower informed civic and cultural engagement grounded in American exceptionalism and a positive spirit of action." TURNING POINT USA, *About TPUSA*, (last accessed, Oct. 8, 2024), https://www.tpusa.com/about.

[3] The undersigned notes that the copyright in this case was made within five years of the publication of the work. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). Additionally, Plaintiff registered the copyright on July 25, 2023, within three months of the first publication of the video on June 17, 2023, and within one month of learning of the infringing activity on June 30, 2023. *See* 17 U.S.C § 412 ("No award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for-- (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, *unless such registration is made within three months after the first publication of the work*.") (emphasis added)).

On October 5, 2023, Plaintiff filed the instant Complaint. ECF No. 1. On October 12, 2023, Plaintiff served the Complaint on Defendant by delivering it to a managing agent of DML and filed an affidavit of service on October 13, 2024. ECF No. 6. DML was directed to answer the Complaint by November 2, 2023, but failed to answer or otherwise appear by that date. *Id.* On January 3, 2024, Plaintiff filed a certificate of default (ECF No. 7), and the Clerk of the Court entered default on April 10, 2024. ECF No. 8. On April 11, 2024, the undersigned directed Plaintiff to move for default judgement against Defendant by May 17, 2024. Apr. 10, 2024 Order. On May 16, 2024, Plaintiff moved for an extension of time to file its motion for default judgement, and the undersigned extended the deadline to June 17, 2024. May 17, 2024 Order. On June 17, 2024, Plaintiff filed the instant Motion. ECF No. 11. On June 18, 2024, Judge Orelia E. Merchant referred the Motion the undersigned for a Report and Recommendation. June 18, 2024 Order.

## II.     LEGAL STANDARDS

### A.     Default Judgement

A motion for default judgment is governed by Rule 55, which sets out a two-part standard that must be met for a default judgment to be ordered. First, the moving party must obtain a certificate of default from the Clerk of the Court and then the moving party may apply for entry of a default judgment. *See Windward Bora LLC v. Thomas*, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022). If a default is granted, the factual allegations of the well-pleaded are deemed true. *See id.* at *3 (internal citation omitted). Additionally, "'the Court may consider whether material issues of fact remain, [and] whether the facts alleged in the complaint state a valid cause of action. . . .'" *Jeremiah v. 5 Towns Jewish Times, Inc.*, No. 22CV5942, 2023 WL 5703698, at *3 (E.D.N.Y. Sept. 5, 2023) (quoting *Pacific M. Int'l Corp. v.*

*Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (explaining that under Rule P. 55(b)(2), "a district court has discretion . . . to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action").

The court then looks to "the same factors that apply to a motion to set aside a default judgment for good cause, namely: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Group. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 54 (E.D.N.Y. 2022) (quoting *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.*, LLC, 779 F.3d 182, 186 (2d Cir. 2015)); *see also Guggenheim Capital., LLC v. Birnbaum,* 722 F.3d 444, 455 (2d Cir. 2013) (same).

      i.    <u>Willfulness</u>

A default is willful if "it is sufficient to conclude that the defendant defaulted deliberately." *Leger v. Navila Asset Mgmt. Inc.*, No. 20-CV-3820, 2023 WL 2352843, at *2 (E.D.N.Y. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2349581 (E.D.N.Y. Mar. 3, 2023) (quoting *Bricklayers & Allied Craftworkers*, 779 F.3d 182 at 186). In other words, while a finding of bad faith is not necessary, "[w]illfulness requires more than negligence or carelessness." *Id.* "Where [a] defendant 'does not deny that he received the complaint, the court's orders, or the notice of default judgment' and 'does not contend that his non-compliance was due to circumstances beyond his control,' an inference of willful default is justified." *Bricklayers & Allied Craftworkers*, 779 F.3d 182 at 187 (quoting *Guggenheim Capital*, 722 F.3d 444 at 455)).

4

"The Second Circuit has held that failure to respond to a complaint demonstrates willful default, so long as service on the defendant is proper." *Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.*, No. 2:23-CV-8001, 2024 WL 1914347, at *3 (E.D.N.Y. May 1, 2024) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998) (unexplained failure to respond to complaint shows willfulness)). Service is proper if it satisfies Rule 4 of the Federal Rules of Civil Procedure. *See id.* "Pursuant to Rule 4(h)(1)(A), service may be made on a domestic corporation by following state law for serving a summons in the state where the district court is located." *Id.* Under New York law, service on a domestic corporation can be effectuated by delivering a copy of the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." *See* N.Y. C.P.L.R. § 311(a)(1).

    ii.  <u>Meritorious Defenses</u>

To demonstrate a meritorious defense, defendant must present enough material that are "good at law so as to give the factfinder some determination to make." *Antoine*, 489 F. Supp. 3d at 81. When a defendant fails to answer the complaint with specificity, the well-pleaded allegations in the plaintiff's complaint are presumed to be true, and it will be difficult for the Court to determine if there are any meritorious defenses. *See id.* Nevertheless, even when a defendant fails to answer a complaint, "the plaintiff must still demonstrate that the factual allegations set forth in her complaint state valid claims to relief." *Id.* "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'" *Id.* (quoting *Bricklayers & Allied Craftworkers*, 779 F.3d 182 at 187).

5

      iii.      <u>Prejudice Toward Plaintiff</u>

Denying a motion for default judgment would be prejudicial toward the plaintiff if there would be "no additional steps available to secure relief in this [c]ourt." *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474, 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted*, No. 20-CV-3474, 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022) (citing *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

      iv.      <u>Damages</u>

Finally, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Id.* at 189 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)) (internal alterations omitted). Instead, the plaintiff must establish—to a "reasonable certainty"—entitlement to the relief requested. *Id.* at 232 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022). Rule 55(b)(2) provides that "[t]he Court may conduct hearings or make referrals" to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

**B.    The Copyright Act**

Plaintiff brings this case pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*. "The Copyright Act is the principal statute protecting against copyright infringement." *Jeremiah*, 2023 WL 5703698, at *4 (E.D.N.Y. Sept. 5, 2023). "The objective of copyright protection is to encourage the creator of an original work in a medium of expression . . . by giving the creator the

6

exclusive right 'to reproduce' the work, 'to prepare derivative works,' 'to distribute copies or phonorecords,' 'to perform' the work, and 'to display' the work." *Id.* (quoting *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 760 (S.D.N.Y. 1988)); *see also* 17 U.S.C. § 106. Among the rights conferred upon the holder of a copyright are "the exclusive rights to engage in and to authorize the reproduction of the copyrighted work in copies, to prepare derivative works based on the copyrighted work, and to distribute copies of the copyrighted work to the public by sale, rental, lease, or other transfer of ownership." *Jeremiah*, 2023 WL 5703698, at *4 (internal citations omitted). Additionally, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).

To prevail on a claim of direct copyright infringement in the context of a default judgment, a plaintiff must plausibly allege "(i) ownership of a valid copyright and (ii) infringement of the copyright by the defendant." *Ferrarini v. Irgit*, No. 21-597-CV, 2022 WL 1739725, at *1 (2d Cir. May 31, 2022) (citing *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020)). "'The word copying is shorthand for the infringing of any of the copyright owner's [ ] exclusive rights described in § 106.'" *Jeremiah*, 2023 WL 5703698, at *4 (quoting *Malibu Textiles, Inc. v. Sentimental NY*, No. 14 CV 2576, 2016 WL 3620787, at *5 (S.D.N.Y. June 28, 2016)).

### III.     DISCUSSION

As set forth herein, the undersigned recommends that the Court grant Plaintiff's motion for default judgment.

### A. Compliance with Rule 55

As an initial matter, Plaintiff has complied with the two-step process for seeking a default judgment set forth in Rule 55. Plaintiff obtained a Certificate of Default from the Clerk of Court on April 10, 2024, which certifies that Defendant failed to answer the Complaint. *See* ECF No. 9. As a result of the Certificate of Default, Plaintiff may now seek a default judgment.

### B. Default Judgement Standards

#### i. Willfulness

Defendant's failure to respond to the complaint or otherwise appear in this action evidences a willful default. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *accord Song v. Kensington Int'l, Inc.*, No. 21-CV-543, 2024 WL 416494, at *6 (E.D.N.Y. Jan. 29, 2024) (finding willful default where defendant failed to respond to complaint).

The Court also must determine if service of the Complaint was proper. Rule 4(h)(1)(A) states that service may be made upon a domestic corporation by following state law for serving summons in the state where the district court is located. Under New York law, service on a corporation can be effectuated by delivering a copy of the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." *See* N.Y. C.P.L.R. § 311(a)(1). Plaintiff's affidavit of service confirms that Defendant was served by delivery of a copy of the Summons and Complaint personally upon Defendant's Managing Agent, Laura Cash. *See* ECF No. 6 (describing appearance of Laura Cash). Thus, service on Defendant was proper. *See Robert K. Lesser Living Tr., Dated Apr. 21, 2005 v. United Secular Am. Ctr. for the Disabled, Inc.*, 164

8

A.D.3d 1659, 1660 (N.Y. App. Div. 4th Dep't 2018) (finding that personal service upon the defendant corporation's president constitutes *prima facie* evidence of proper service); *see also Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 271 (N.Y. 1980) ("The summons may, of course, be served on any director or corporate officer....... ") *cf. O'Hara v. Cohen-Sanchez*, No. 22-CV-6209, 2023 WL 5979176, at *4 (E.D.N.Y. Aug. 28, 2023) ("Generally, a process server's affidavit of service creates a presumption of proper service notice, the service should be sustained.").

        ii.       <u>Meritorious Defenses</u>

"Because Defendant has not responded to the Complaint, it has not asserted any meritorious defenses to any of the claims. Therefore, the Court is unable to make any determinations about the merit of any defenses." *Canon U.S.A., Inc.*, 2024 WL 1914347, at *5; *see also Antoine*, 489 F. Supp. 3d at 82 (explaining that when a defendant defaults, courts are unable to decide whether a defendant has a meritorious defense to plaintiff's allegations). Thus, because Defendant has not answered the Complaint, the undersigned finds this factor satisfied.

        iii.       <u>Prejudice to Plaintiff</u>

Finally, the Court finds that Plaintiff would be prejudiced if the Motion is denied. Plaintiff will not be able to recover from Defendant without a default judgement. Moreover, this case has been pending for almost a year, during which Plaintiff has not received any relief for the alleged copyright infringement. Therefore, Plaintiff will be prejudiced if default judgement is not granted. *See, e.g.*, *Hashimi v. CLMO, LLC*, No. 20-CV-1073, 2021 WL 3478174, at *4 (E.D.N.Y. July 19, 2021) (granting default judgement where Plaintiff had no other remedy), *report and recommendation adopted* 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021); *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017) (similar).

### C. Liability Under the Copyright Act

Given that the default judgment standards are satisfied, the Court must next determine whether the factual allegations in the well-pleaded Complaint establish liability against the Defendant under the Copyright Act. The Court finds that the Complaint establishes liability.

As described above, to prevail on a claim of direct copyright infringement, a plaintiff must plausibly allege "(i) ownership of a valid copyright and (ii) infringement of the copyright by the defendant." *Ferrarini*, 2022 WL 1739725, at *1 (2d Cir. May 31, 2022) (citing *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020)).

Here, Plaintiff establishes the ownership of a valid copyright by appending a Certificate of Copyright Registration from the USCO within five years of the publication of the Video under registration number PA 2-428-699. ECF No. 11, Ex. 8; *see also MerchDirect LLC v. Cloud Warmer, Inc.*, No. 17 CV 4860, 2019 WL 4918044, at *7 (E.D.N.Y. Sept. 30, 2019) ("'A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright.'") (quoting *PaySys Int'l Inc. v. Atos Se, Worldline SA*, 226 F. Supp. 3d 206, 215 (S.D.N.Y. 2016)); *see also Barba v. Joy Travel (NY) Inc.*, No. 19CV6958, 2021 WL 3742764, at *3 (E.D.N.Y. Aug. 4, 2021), *report and recommendation adopted*, No. 19CV6958, 2021 WL 3741543 (E.D.N.Y. Aug. 24, 2021) ("The Copyright Act provides that 'a certificate of [copyright] registration made before or within five years after first publication of the work shall constitute evidence of the validity of the copyright.'") (quoting 17 U.S.C. § 410(c)). Moreover, Defendant, in failing to answer or otherwise appear, does not challenge the validity of the copyright. Thus, the undersigned finds that Plaintiff sufficiently alleges ownership of the copyright. *See Jeremiah*, 2023 WL 5703698, at *5 ("Since defendant has chosen not to participate in this action and plaintiff's allegation that

10

he holds a valid copyright in the Photograph has not been challenged, the Court finds that plaintiff has sufficiently alleged ownership of a valid copyright . . .").

Furthermore, Plaintiff adequately pleads that Defendant infringed on her copyright by copying and publishing the Video. "In order to establish the second element, Plaintiff must meet a 'minimal' burden to show that the Video is his original work and allege a violation of his exclusive rights under [17 U.S.C.] § 106." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19CV4475, 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (citing *Sheldon v. Plot Com.*, No. 15CV5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, No. 15CV5885, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016)). In copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* (internal citation omitted). Here, the undersigned finds that "Plaintiff has established the second element of copyright infringement through the allegations in the Complaint, and that the originality of the Video can be inferred from Plaintiff's claim to be the author of the Video." *Id.* (citing *E. Am. Trio Prods. Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000)). Additionally, Plaintiff supports her allegation by appending to the Complaint screen grabs of the Video published at the URL allegedly owned by Defendant, which sufficiently demonstrates that Defendant copied her work. *See* ECF No. 1, Ex. 2 (showing screen grab of the Video published on Defendant's website at the URL registered to DML.).

Thus, Plaintiff's well-plead complaint sufficiently establishes that Plaintiff owns a copyright on the Video, and that Defendant infringed on that copyright.

11

### D.      Damages

Section 504(c)(1) of the Copyright Act provides that "the copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in the action ... in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement is "willful, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). "The Act affords the trial court 'wide discretion' in setting the amount of statutory damages." *Balhetchet*, 2020 WL 4738242, at *3 (citing *Malibu Media, LLC v. Greenwood*, No. 17-CV-1099, 2019 WL 7580083, at *3 (S.D.N.Y. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 209140 (S.D.N.Y. Jan. 14, 2020). In this Circuit,

> [c]ourts . . . are guided by the following factors in determining the appropriate measure of statutory damages for copyright infringement: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Balhetchet*, 2020 WL 4738242, at *3 (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

Here, Plaintiff seeks a statutory damages award of $10,000.00 for the one alleged act of infringement by Defendant on June 19. 2023. ECF No. 11-1 at 11. Regarding the first factor, "'[c]opyright infringement is deemed willful by virtue of a defendant's default.'" *Balhetchet*, 2020 WL 4738242, at *4 (quoting *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015)). Additionally, Plaintiff addresses only the fourth factor, asserting that "Plaintiff seeks statutory damages as a deterrent to willful infringers." ECF No. 11-1 at 18. While Plaintiff correctly notes that "there is no requirement that Plaintiff produce [additional] evidence after electing to recover statutory damages" (*Id.*), "such evidence allows a court to

12

determine a fair award that would adequately compensate the copyright holder while also deterring potential infringers." *Balhetchet*, 2020 WL 4738242, at *4 (citing *Erickson Prods., Inc. v. Only Websites, Inc.*, No. 12-CV-1693, 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016)). Here, without any additional evidence of damages, and considering Plaintiff's failure to address any of the other factors, "the Court infers that any revenue lost by Plaintiff is *de minimis*." *Id.* (citing *Bass v. Diversity Inc. Media*, No. 19-CV-2261, 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020).

Consequently, the undersigned finds that a reduced statutory award of $1,000.00 is "reasonable given the nature of the infringement alleged and the lack of a baseline amount of Plaintiff's licensing fee or any loss of profits." *Id.* Such a reduced award is consistent with the trend of courts in this District where Plaintiff alleges only a single instance of copyright infringement without providing evidence of damages. *See, e.g.*, *Martinka v. Yeshiva World News, LLC*, No. 20CV5330, 2022 WL 4484655, at *6 (E.D.N.Y. Sept. 27, 2022) (Matsumoto, J.) (awarding $1,000 for a single instance of copyright infringement); *Farrington v. Jewish Voice Inc.*, 2022 WL 541645, at *5 (E.D.N.Y. Feb. 23, 2022) (Garaufis, J.) ("[a]n award of $1,000 for the Copyright Act violation is in line with similar claims of a single instance of copyright infringement."); *Haker v. Tentree Int'l Inc.*, No. 20-CV-1499, 2021 WL 3884195, at *5 (E.D.N.Y. Aug. 31, 2021) (Matsumoto, J.) (similar). Here, Plaintiff cites only one alleged act of infringement on June 19, 2023 and provides no additional evidence of damages. Accordingly, the undersigned recommends that the Court award statutory damages in the amount of $1,000.00.

### E. Attorney's Fees and Costs

Additionally, Plaintiff seeks attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505. That section provides"[i]n any civil action under this title, the court in its discretion may

13

allow the recovery of full costs by or against any party other than the United States or an officer thereof ....... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "In a copyright action, the Court's discretion to award costs is governed by § 505 of the Act rather than the more general cost-shifting provision." *Balhetchet*, 2020 WL 4738242, at *5 (citing *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404–05 (S.D.N.Y. 2004)). An award under Section 505 "is not automatic, but rather lies within the sole and rather broad discretion of the court." *Id.* (internal quotations and citations omitted). "The starting point of the attorney's fee calculation is the lodestar method, under which fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Wright v. Miah*, No. 22-CV-4132, 2023 WL 6219435, at *14 (E.D.N.Y. Sept. 7, 2023), *report and recommendation adopted*, No. 22CV4132, 2023 WL 6216541 (E.D.N.Y. Sept. 25, 2023) (citing *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668-69 (S.D.N.Y. 2001)). The lodestar "'is essentially what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.'" *Id.* (quoting *Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2019 WL 6733022, at *18 (E.D.N.Y. Oct. 1, 2019)).

    i.   <u>Reasonable Hours Expended</u>

  Plaintiff seeks attorney's fees in the total of $3,045.00, and costs of $491.00. ECF No. 11 at 1. According to the sworn affidavit and billing records provided by Plaintiff's counsel, associate Jaymie Sabili-Heffert worked for a total of 4.2 hours at a rate of $500.00 per hour; managing partner Craig Sanders worked for a total of 0.9 hours at a rate of $750.00 per hour; and paralegals Julie Busch and Ryan Feldman worked for a total of 1.3 hours at a rate of $125.00 per hour. *See* ECF No. 11-2 at 4-5. The undersigned finds that the total of 6.4 hours spent on the

case is reasonable in litigating this case to a default judgment motion. *See, e.g.*, *Wright*, 2023 WL 6219435, at *14 (finding 12.4 hours spent on default judgment reasonable); *Phillips v. TraxNYC Corp.*, No. 21-CV-528, 2023 WL 1987206, at *10 (E.D.N.Y. Feb. 14, 2023), *report and recommendation adopted*, No. 121CV00528, 2023 WL 2532066 (E.D.N.Y. Mar. 14, 2023) (finding nine hours spent on a case resolved through default judgment appropriate); *Sheldon v. Plot Com.*, No. 15-CV-5885, 2017 WL 2168654, at *4 (E.D.N.Y. Apr. 18, 2017), *report and recommendation adopted*, 2017 WL 2168078 (E.D.N.Y. May 16, 2017) (finding an attorney's request for 25.1 hours of work spent on a Copyright Act and Digital Millennium Copyright Act case reasonable).

ii. <u>Hourly Rate</u>

Although the undersigned finds the hours spent litigating the case reasonable, the hourly rates for associate Jaymie Sabili-Heffert, managing partner Craig Sanders, and paralegals Julie Busch and Ryan Feldman are not. "When seeking attorneys' fees, 'the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Phillips* 2023 WL 1987206, at *10 (E.D.N.Y. Feb. 14, 2023) (quoting *Cuffaro v. Fashionisto LLC*, No. 19CV7265, 2020 WL 5077449, at *5 (S.D.N.Y. July 9, 2020), *report and recommendation adopted*, No. 19CIV7265, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020)). The undersigned notes that Mr. Sanders appended a survey of attorneys from the American Intellectual Property Law Association Law Practice Management Committee, which provides a chart of average hourly billing rates by attorneys throughout the country. *See* ECF No. 11-6. Mr. Sanders asserts that his "hourly rate of $750/hr. for the prosecution of copyright infringement matters is well within the range of hourly

15

billing for similarly experienced attorneys according to [that survey]." ECF No. 11-2 at 3. The survey, however, provides no specificity regarding what types of services attorneys provided. *See* ECF No. 11-6 ("this survey also examines the economic aspects of intellectual property law practice, including individual billing rates and typical charges for *representative IP law services*.") (emphasis added). The Court finds this survey too broad to ground Plaintiff's fee claim for a copyright infringement case where Defendant has never appeared.

The undersigned looks instead to similar cases in this District to determine a reasonable hourly rate. "In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff." *Sadowski v. Yeshiva World News, LLC*, No. 21CV7207, 2023 WL 2707096, at *9 (E.D.N.Y. Mar. 16, 2023), *report and recommendation adopted*, No. 21CV7207 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023) (citing *Martinka*, 2022 WL 4484655, at *7); *see also Haker*, 2021 WL 3884195, at *6 (collecting cases). In *Sadowski*, for instance, the Court awarded Plaintiff's counsel "$450 [per hour] based on nearly 18 years' experience in complex commercial and intellectual property litigation in state and federal courts" in a copyright infringement case involving a defaulting Defendant. *Id.* The undersigned thus finds $450.00 to be a reasonable hourly fee for Mr. Sanders in light of awards for similar services in this District provided by attorneys with similar experience. *See* ECF No. 11-2 at 3 (detailing Mr. Sanders' "thirty (30) year professional career"). Additionally, the undersigned finds that $325.00 is a reasonable hourly rate for Ms. Sabili-Heffert, reduced from the requested $500.00 rate given her experience as a senior associate. *Id.* Finally, the undersigned reduces paralegals Julie Busch and Ryan Feldman's hourly fees to $100.00 in accordance with this District's precedent. *See Sadowski*, 2023 WL 2707096, at *9 ("the Court

16

finds that the paralegal's $125 hourly rate is not consistent with rates awarded by courts in this district for similar copyright cases (noting hourly rates of '$70 to $100' for legal support staff)") (quoting *Prokos v. IQ Homes & Co. Inc.*, No. 20-CV-1220, 2021 WL 982878, at *7 (E.D.N.Y. Feb. 11, 2021), *report and recommendation adopted*, 2021 WL 980869 (E.D.N.Y. Mar. 16, 2021). Thus, the undersigned reduces the hourly rates for Mr. Sanders, Ms. Sabili-Heffert, and paralegals Ms. Busch and Mr. Feldman to $450.00, $325.00, and $100.00, respectively.

Applying these reduced rates to the hours worked, the undersigned recommends a total attorney fee award of $1,900.00 based on the following calculations: (1) Mr. Sanders: .9 hours worked at $450 rate, totaling $405; (2) Ms. Sabli-Heffert: 4.2 hours worked at $325 rate, totaling $1,365; and (3) Ms. Bush and Mr. Feldman: 1.3 hours worked at $100 rate, totaling $130.00.

        iii.    Costs

Finally, Plaintiff requests costs of $491.00. ECF No. 11-2 at 5-6. This request includes $402.00 for the court filing fee and $89.00 for service of the complaint and motion. *Id.* The undersigned takes judicial notice of the filing fee receipt present on the Docket (*see* ECF No. 1 (confirmation of payment of $402.00 filing fee with corresponding receipt number)). *See Yanes v. Juan & Jon Inc.*, No. 19-CV-0201, 2024 WL 1639932, at *1 (E.D.N.Y. Apr. 16, 2024) ("As the Court records easily substantiate this cost, it is awarded to Plaintiff.") (citing *Bank of Am. V. Jacobi Tool & Die M.F.G.*, Inc., No. 17-CV-6828, 2019 WL 7599891, at *6 (E.D.N.Y. Oct. 22, 2019)). Plaintiff also substantiates its $89.00 service fee by providing an invoice from its process server. *See* ECF No. 11-7 (invoice from Brandywine Process Servers, LTD.). The undersigned thus grants a total costs award of $491.00. *C.f. Yanes* 2024 WL 1639932, at *2 (denying costs where party failed to submit documentation substantiating the amounts reflected in attorney billing records) (citing *Khotovitskaya v. Shimunov*, No. 18-CV-7303, 2021 WL

868781, at *2 (E.D.N.Y. Mar. 9, 2021); *Suriel v. Cruz*, No. 20-CV-8442, 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (same).

  **F.**  **Permanent Injunctive Relief**

  Finally, Plaintiff seeks permanent injunctive relief "enjoining Defendant from continuing to use Plaintiff's copyrighted material." ECF No. 11-1 at 6. For the following reasons, the undersigned recommends the Court grant Plaintiff's request for an injunction.

  "Section 502(a) of the Copyright Act provides that any court may grant 'final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-998, 2024 WL 3369986, at *10 (E.D.N.Y. July 11, 2024) (quoting 17 U.S.C. § 502(a)). "[C]ourts generally grant permanent [injunctions] where liability has been established and there is a threat of continuing infringement." *Id*. (citing *See Island Software & Computer Serv., Inc.*, 2006 WL 1025915, at *2 ("[W]hen a copyright plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction.")). Additionally, a plaintiff seeking an injunction must make the traditional showing of

"'(1) irreparable injury in the absence of an injunction, (2) the inadequacy of monetary damages alone, (3) that the balance of hardships tips in its favor, and (4) that a permanent injunction would not disserve the public interest.'" *Id.* (quoting *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 637 (S.D.N.Y. 2018)).

  Here, all four factors tip in Plaintiff's favor. First, Plaintiff argues that "[a]s a consequence of Defendant's failure to participate in these proceedings, Plaintiff has no ability to adequately quantify her injury and in light of the difficulty associated with proving loss of sales

18

resulting from an infringement, Plaintiff asserts she has suffered irreparable injury." ECF No. 11-1 at 24. "Although courts must not presume irreparable injury in copyright cases, courts have tended to issue injunctions [in copyright cases] because to prove the loss of sales due to infringement is . . . notoriously difficult." *Wareka v. Dryluxe LLC*, No. 21 CV 2422, 2022 WL 2467544, at *4 (E.D.N.Y. Apr. 7, 2022), *report and recommendation adopted*, No. 21CV2422, 2022 WL 2753106 (E.D.N.Y. July 14, 2022) (internal quotations omitted). Particularly in cases "[w]here default is entered, [a] court may infer from a defendant's default that it is willing to, or may continue its infringement." *Id.* (citing *Coach, Inc. v. O'Brien*, No. 10 Civ. 6071, 2012 WL 1255276 at * 17 (S.D.N.Y. April 13, 2012)).

Given Defendant's default, it is likely to continue infringing on Plaintiff's copyright absent an injunction. Plaintiff thus satisfies the first factor. As to the second element, "for the same reasons, monetary damages are inadequate." *Id.* (*citing Pearson Educ., Inc. v. Vergara*, No. 09-CV-6832, 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) ("No evidence exists in the record to suggest that [defendant] has or will stop copying. ......Hence, an award of monetary damages cannot adequately compensate the plaintiffs for the harm they have suffered."). Furthermore, the balance of hardships favors Plaintiff, because Defendant has defaulted and thus fails to identify any hardship. *See Id.* (citing *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) ("It is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product.")). Finally, as Plaintiff asserts, "the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." ECF No. 11-1 at 24 (citing *Martinka*, 2022 WL 4484655, at *5); *see also Wareka v. Dryluxe LLC*, 2022 WL 2467544, at *4 ("Finally, enjoining defendant from using the Photographs would not disserve the public interest as 'the public has a

compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work.'") (quoting *Beastie Boys v. Monster Energy Co.*, 87 F. Supp. 3d 672, 679 (S.D.N.Y. 2015)).  Thus, the undersigned recommends that the Court grant Plaintiff's request for a permanent injunction, prohibiting Defendant from publishing the Video.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court grants Plaintiff's Motion.  The undersigned recommends the Court grant a statutory damages award of $1,000.00 under 17 U.S.C. § 504(c)(1) and an award of attorney's fees of $1,900.00 and costs of $491.00 under 17 U.S.C. § 505, for a total of $3,391.00,  and grant the request for injunctive relief.

## V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Merchant.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED:

Dated: Central Islip, New York
October 10, 2024

 s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge

20